UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:16-CR-00025-JRG |
| | ) | |
| KORON TYREEN FAIRLEY | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 72]. The United States responded in opposition. [Doc. 74]. As discussed below, Defendant's motion will be **DENIED**.[1]

**I.     BACKGROUND**

In October 2016, the Court sentenced Defendant to 168 months' imprisonment based on his conviction for conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A). [Doc. 32]. Defendant filed his first motion for compassionate release in June 2021, requesting a sentence reduction based on unfairness in his sentencing, unfair treatment by the Johnson City Police Department, and ineffective assistance of counsel. [Doc. 68]. The Court denied the motion because it found that Defendant had not demonstrated extraordinary and compelling reasons for relief and the § 3553(a) factors did not favor a sentence reduction. [Doc. 71 at 8, 10].

In the instant motion, which Defendant filed in December 2023, he requests a sentence reduction based on a non-retroactive change in the law and his argument that his sentence was

---

[1] The Court notes that Defendant requested appointment of counsel to assist him with his compassionate release motion. [Doc. 72 at 5]. In accordance with Standing Order 21-09, the Federal Defender Services of Eastern Tennessee ("FDSET") was appointed to review Defendant's motion. The FDSET notified the Court that they reviewed Defendant's motion and do not intend to file a supplemental pleading on his behalf. [Doc. 77].

improperly enhanced. [Doc. 72]. Defendant's projected release date is April 15, 2027. [Doc. 74-1 at 2].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The compassionate release statute authorizes courts to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). The exhaustion requirement is a mandatory claim-processing rule, which "bind[s] the courts only when properly asserted and not forfeited" by the government." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

## III. ANALYSIS

### A. Exhaustion

Defendant claims that he submitted a request for compassionate release to the warden at his prison more than thirty days before seeking relief from the Court. [Doc. 72 at 3]. Although Defendant indicates that he attached a copy of this request to the instant motion, no such

attachment appears to have been filed. In any event, the United States maintains that Defendant has fulfilled the exhaustion requirement. [Doc. 74 at 2]. Given that the United States has not raised an exhaustion defense, the Court will proceed to the merits of Defendant's compassionate release motion.

**B.  Merits**

As his first extraordinary and compelling reason for relief, Defendant cites the disparity between his sentence and the lesser sentence he would have received under Section 401 of the First Step Act. [Doc. 72 at 3–5]. Section 401 amended the penalties under § 841(b)(1)(A), which is Defendant's statute of conviction. *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5220 (2018). Defendant did not receive the benefit of these changes because Section 401 was not made retroactive to sentences, like his, which were imposed before the First Step Act's enactment. *See* 132 Stat. at 5221.

Under the Sentencing Commission's updated policy guideline, courts may consider some changes in the law as an extraordinary and compelling reason for a sentence reduction if (1) the defendant received a sentence that is "unusually long" and (2) the defendant has served at least ten years of his sentence. U.S.S.G. §1B1.13(b)(6). If these two requirements are not met, a change in the law "shall not be considered" extraordinary and compelling.[2] U.S.S.G. §1B1.13(c). Here, the record shows that Defendant has served only eight years and one month of his sentence. [Doc. 74-1 at 1]. Therefore, even if his sentence could be considered "usually long," the lesser sentence he may have received under Amendment 401 does not qualify as an extraordinary and compelling

---

[2] The Sixth Circuit previously held that non-retroactive changes in the law could not be considered extraordinary and compelling reasons for release under § 3582(c)(1)(A). *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022). However, in November 2023, the Sentencing Commission amended the compassionate release policy statement to allow courts to consider changes in the law, other than non-retroactive amendments to the Sentencing Guidelines, under the narrow circumstances mentioned above. *See* U.S.S.G. §1B1.13(b)(6).

reason for his release. *See United States v. Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4–5 (6th Cir. Apr. 5, 2024) (finding that post-sentencing legal changes could not be considered as a basis for granting the defendant compassionate release because he had not reached the 10-year threshold for time served, as required under U.S.S.G. §1B1.13(b)(6)).

Defendant also claims that his 2008 narcotics conviction should not have been classified as a "prior drug felony" for the purposes of enhancing his sentence. [Doc. 72 at 6–7]. Regardless of whether Defendant's argument has merit, "a compassionate-release motion is not the proper avenue for raising a sentencing error." *United States v. James*, No. 23-1330, 2023 U.S. App. LEXIS 30004, at *5 (6th Cir. Nov. 9, 2023) (citing *United States v. West*, 70 F.4th 341, 346–48 (6th Cir. 2023)). Defendant's challenge to the accuracy of his sentence should have been raised—if at all—on direct appeal or in a 28 U.S.C. § 2255 motion. *United States v. Toaz*, No. 20-1561, 2020 U.S. App. LEXIS 33439, at *5–6 (6th Cir. Oct. 22, 2020) ("a compassionate release motion is not the proper vehicle for arguments that were or could have been raised on direct appeal or in a § 2255 motion . . . .").

In sum, neither of Defendant's purported reasons for release are extraordinary and compelling. Accordingly, the Court need not examine whether the § 3553(a) factors favor a sentence reduction.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release [Doc. 72] is **DENIED**.

So ordered.

ENTER:

                          s/J. RONNIE GREER
                   UNITED STATES DISTRICT JUDGE